UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LYNDAL KIMBLE, et al.** | ) | **CASE NO.   4:03 CV 2379** |
| | ) | |
| **PLAINTIFFS** | ) | |
| | ) | |
| v. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **OFFICER GREG HOSO, et al.** | ) | **ORDER** |
| | ) | |
| **DEFENDANTS** | ) | |

This matter is before the Court upon the Motion to Deem Request for Admissions as Admitted, see (Dkt. # 40), and Defendants' Motion to Exceed Page Limit for Motion for Summary Judgment, see (Dkt. # 41).

Attorney Richard Olivito, as counsel for the Plaintiffs, Lyndale Kimble and Melanise Kimble, filed this action on November 20,2003 against the defendants, the City of Warren, its Mayor and Final Policymaking Officials (the "City"), Officer Greg Hoso, Officer Tempestura, Officer Stabile, and Chief Mandopoulos (the "Chief"). The Complaint asserted *inter alia* 42 U.S.C. § 1983 claims against the Chief and the officers in their official and individual capacities.  The Complaint was one of several filed by Attorney Olivito against the City of Warren stemming from alleged police misconduct.

The Complaint was a model of inartful pleading. Nevertheless, the defendants filed their responsive pleading on December 11, 2003 asserting various affirmative defenses including absolute, qualified, and Ohio statutory immunities. The Defendant further asserted a counterclaim against Lyndale Kimble.

The Court held a Case Management Conference on January 8, 2004. The Court engaged in its customary practice of staying discovery pending resolution of the qualified immunity bar to suit. The Court afforded the parties until March 24, 2004 in which to fully brief the issue.

The defendants filed their motion for summary judgment on February 10, 2004 seeking judgment in their favor on all claims irrespective of whether the claims were advanced in their individual or official capacities. On March 18, 2004, the defendants filed a motion to deem requests for admission as admitted therein citing the Plaintiffs' failure to respond to various discovery requests. The Plaintiffs did not respond to the motions. Consequently, the Court ordered the Plaintiff to show cause as to why summary judgment should not be granted in defendants' favor.

On April 15, 2004, the Court ordered the Plaintiff to secure co-counsel under penalty of sanction. Nearly a week later, the defendants filed a "Motion for Summary Adjudication", requesting the Court to issue a determination on the pending motion for summary judgment.

On May 5, 2004, Attorney Clair Carlin filed an appearance on behalf of the Plaintiff. Attorney Carlin filed a motion for extension of time to respond to the pending motions until June 30, 2004. The Court granted the request.

On June 8, 2004, the defendants filed an interlocutory appeal and this Court immediately stayed all proceedings. On March 27, 2006, the United States Court of Appeals for the Sixth Circuit issued its mandate dismissing the interlocutory appeal for lack of subject matter jurisdiction.

The Court meanwhile held a status conference whereby it appeared Attorney Olivito did not have co-counsel. The Court ordered Attorney Olivito to secure co-counsel.

Attorney C. William Hinnant, Jr. thereafter appeared on behalf of the Plaintiffs. On May 9, 2006, the defendants filed the present motions. The Plaintiffs have not responded to the pending motions – notwithstanding the Court affording the Plaintiffs an additional two weeks in which to respond.

Rule 36 of the Federal Rules of Civil Procedure provides that a matter in a request for admission is admitted unless, within 30 days after service of the request, the party to whom the request is directed responds with a written answer or objection. See FED. R. CIV. P 36 (a). The defendants served their requests for admissions on December 13, 2003. The Plaintiffs have not responded to the request. Moreover, the Plaintiffs have not responded to the pending motions in the approximately one and one-half months since filing.

Accordingly, the Court hereby orders that the Motion to Deem Request for Admissions as Admitted, see (Dkt. # 40) is **GRANTED**.

The Court further orders that the Defendants' Motion to Exceed Page Limit for Motion for Summary Judgment, see (Dkt. # 41), is **GRANTED**. The defendants shall file immediately their motion(s) for summary judgment.

The Court also orders that the Plaintiffs shall **SHOW CAUSE** on or before July 14, 2006 as to why this matter shall not be dismissed for failure to prosecute as the Plaintiffs again have failed to respond top pending motions.

<u>**s/ Peter C. Economus - June 30, 2006**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**