# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **LYNDAL KIMBLE,** *et al.*, | ) | **CASE NO.  4:03CV2379** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OFFICER GREG HOSO,** *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |
| | ) | |

This matter is before the Court upon Plaintiffs' Motion for Relief from Final Order of Dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Dkt. # 110).  Also before the Court is Defendants' Response in Opposition to Plaintiffs' Motion. (Dkt. # 111).

## I. PROCEDURAL BACKGROUND

The instant matter arises out of the June 28, 2003, arrest of Plaintiff Lyndal Kimble ("Kimble") by City of Warren, Ohio police officers.  (Dkt. # 1).  Count I of Plaintiffs' Complaint alleges a claim against the individual Defendant officers under 42 U.S.C. § 1983 for excessive force in violation of Kimble's Fourth and Fourteenth Amendment rights under the United States Constitution.  (Dkt. # 1 at ¶¶ 41-46).  Count II asserts a § 1983 claim against Defendant City of Warren, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), for the allegedly unconstitutional acts of the Defendant Officers.  (Dkt. # 1 at ¶¶ 47-52).  Count III asserts a failure to train claim against Defendant City of Warren, pursuant to § 1983.  (Dkt. # 1 at ¶¶ 53-57).  In

1

Count IV, Plaintiffs assert a failure to supervise claim against Defendant Chief John Mandopoulos.  (Dkt. # 1 at ¶¶ 58-63).  Count V alleges a failure to supervise claim against Defendant City of Warren.  (Dkt. # 1 at ¶¶ 64-76).  In Count VI, Plaintiffs allege various civil rights violations by the City of Warren.  (Dkt. # 1 at ¶¶ 77-85).  Finally, in Count VII, Plaintiffs allege several state law assault and battery claims.  (Dkt. # 1 at ¶¶ 86-92).

A Final Pretrial Conference was held in this matter on January 29, 2008. Following that conference, the parties notified the Court that they had reached a settlement agreement, and the matter was accordingly dismissed with prejudice on January 31, 2008.  (Dkt. # 109).  Plaintiffs filed the instant motion on April 8, 2008, seeking relief from the Court's order of dismissal.  (Dkt. # 110).  In support of the motion, Plaintiffs argue that relief is appropriate under Rule 60(b) on the grounds that the Trumbull County Prosecutor's Office notified Defense counsel that an attachment would be placed upon Plaintiffs' settlement proceeds in the amount of court costs associated with Kimble's state court sentencing and re-sentencing hearings in the criminal matter that involved the same arrest that gave rise to the instant case.

## II. LAW AND ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances.  The instant motion seeks relief under Rule 60(b)(2) on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

2

under Rule 59(b)," and Rule 60(b)(3), based upon "fraud…misrepresentation, or other misconduct of an adverse party."  FED. R. CIV. P. 60(b)(2), (b)(3).

### A. Newly Discovered Evidence

Plaintiffs contend that "the attachment amounts to newly discovered evidence, unanticipated by respective counsel for both parties until after mediation and an agreement as to settlement of this matter."  (Dkt. # 110 at 2).  To be entitled to relief under Rule 60(b)(2) based upon newly discovered evidence, the evidence the moving party seeks to introduce must have been previously unavailable such that it was not discoverable by due diligence prior to the judgment from which the party seeks relief. GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999); FED. R. CIV. P. 60(b)(2).

Plaintiffs' argument is unavailing.  The attachment upon settlement proceeds does not constitute evidence in the instant matter.  Undoubtedly it is information that may have affected Plaintiff's approach to settlement negotiations, but that fact alone does not bring it within the purview of Rule 60(b)(2).  Only admissible evidence may form the basis for a Rule 60(b)(2) motion.  Wilson v. Upjohn Co., 808 F.Supp. 1321, 1323 (S.D. Ohio 1992).  Evidence is admissible only if it is relevant.  Fed.R.Evid. 401.  Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Id.  The fact that the Trumbull County Prosecutor's Office would file an attachment to any settlement proceeds obtained by Plaintiffs has no bearing on any fact of consequence to the determination of any of Plaintiffs' claims and is, therefore, not

3

admissible as evidence.  Thus, Plaintiffs are not entitled to relief from judgment under Rule 60(b)(2) based on such information.

Even if the Court were to determine that the attachment is admissible evidence, Plaintiffs have made no showing that such information was not discoverable by due diligence prior to the entry of judgment in the instant matter.  In fact, Ohio Rev. Code § 2947.23 states in relevant part, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."  Ohio R.C. § 2947.23(A)(1).  Plaintiffs should have been aware of the possibility that the prosecutor's office would seek such costs, and could have negotiated accordingly.  Information regarding the attachment was discoverable by due diligence prior to the entry of judgment and, therefore, does not entitle Plaintiffs to relief under Rule 60(b)(2).

### B. Fraud

Plaintiffs also argues that they are entitled to relief from judgment based upon "arguable misconduct by a third party, in this case, the Trumbull County Prosecutor's Office," which Plaintiffs contend "essentially amounts to fraud upon the court."  (Dkt. # 110 at 3).  The Sixth Circuit has interpreted the term "fraud" in the Rule 60(b)(3) context to mean "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material."  Jordan v. Paccar, Inc., 97 F.3d 1452, *6 (6th Cir. 1996).  To be entitled to relief under Rule 60(b)(3), a moving party is "required to show by clear and convincing

evidence that the district court's judgment was obtained by fraud or misconduct." Crehore v. United States, 2007 WL 3244045, *2 (6th Cir. 2007).

Plaintiffs have failed to make such a showing.  First, even if the Trumbull County Prosecutor's Office deliberately waited until the settlement in the instant case was completed to file the attachment, Plaintiffs have not alleged that the office was required by law to notify Plaintiffs prior to filing.  Similarly, Plaintiffs do not contend that the prosecutor's office volunteered any information that misled the parties with regard to the payment of court costs in the state criminal matter.  Absent such a showing, Plaintiffs are not entitled to relief under Rule 60(b)(3).

The Court finds, and Plaintiffs do not dispute, that the parties negotiated a settlement in the instant matter in good faith and with knowledge of all relevant material facts.  The parties' financial responsibilities, including those arising from Kimble's state criminal matter, are unrelated to that settlement.  As such, Plaintiffs have failed to show that the attachment filed by the Trumbull County Prosecutor's Office entitles them to relief from judgment under Rule 60(b).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b) Motion for Relief from Judgment is **DENIED**.  (Dkt. # 110).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – June 11, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

5